UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ANDREW INDELICATO PETERSON,

    Petitioner,

v.

J.A. BARNHART, Warden,

    Respondent.

Civil Action No. 6:20-008-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Andrew Indelicato Peterson is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Peterson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he suggests that his 2016 conviction for being a felon in possession of ammunition is no longer valid because of the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [R. 1]. The Respondent, represented by the U.S. Attorney's Office, then responded to Peterson's petition [R. 8], and Peterson filed a reply brief [R. 13]. Thus, this matter is ripe for a decision from this Court. Ultimately, Peterson has failed to demonstrate that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of ammunition. As a result, the Court will deny his petition.

In February 2016, Peterson pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Andrew Indelicato Peterson*, No. 0:15-cr-106 at R. 359 (D. Minn. 2016). The United States District Court for the District of Minnesota then sentenced Peterson to 120 months in prison. *See id.* at R. 467. Peterson appealed,

but the United States Court of Appeals for the Eighth Circuit affirmed the district court's judgment. *See id.* at R. 543. Peterson then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, but the district court denied his motion. *See id.* at Rs. 563, 564.

Peterson now pursues relief via § 2241. [R. 1]. As noted above, Peterson claims that his conviction for being a felon in possession of ammunition is no longer valid because of the Supreme Court's decision in *Rehaif*, 139 S. Ct. at 2191. Peterson, therefore, argues that this Court should vacate his conviction and order the Bureau of Prisons to immediately release him from custody.

Peterson's petition, however, constitutes an impermissible collateral attack on his underlying conviction. Although a federal prisoner may challenge the legality of his conviction on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, as a general matter, Peterson cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence by demonstrating:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

2

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Peterson has not met all of these requirements. Even assuming, without deciding, that the first three *Wooten* elements are satisfied in this case, Peterson still has not demonstrated that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted him of being a felon in possession of ammunition. In *Rehaif*, the Supreme Court held that the Government must prove that the defendant possessed a firearm while being aware of his relevant status—meaning that he knew that he was a felon, an alien unlawfully in this country, or the like. *See Rehaif*, 139 S. Ct. at 2194; *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (interpreting the Supreme Court's holding in this manner). Here, in light of Peterson's prior criminal history, which the U.S. Attorney's Office discusses in its response brief [*see* R. 8 at 6-7], he has provided no basis to conclude that a reasonable juror would infer that he was somehow unaware that he was a felon when he possessed the ammunition in question.

As the U.S. Attorney's Office points out, prior to 2016, Peterson pled guilty to three felony offenses in the state of Minnesota: receiving stolen property, aggravated robbery, and possession of burglary tools. Moreover, for two of these offenses, Peterson was sentenced to more than one year in prison, and he actually served more than 12 months. [*See* R. 8 at 6-7 (citing Peterson's Presentence Investigation Report at R. 10 and discussing his criminal history at length)]. This extensive and undisputed criminal history completely undercuts the implication that Peterson somehow did not know that he was a felon at the time he possessed the ammunition in question. *See Nickerson v. Streeval*, No. 0:19-cv-080-HRW, 2020 WL 61278, at *2 (E.D. Ky. Jan. 6, 2020) (denying a § 2241 petition where the prisoner's "extensive criminal history, including multiple prior felony convictions dating back decades, undercuts the implication that he somehow did not

3

know that he was a felon at the time he possessed the firearm in question."); *Walker v. Quintana*, No. 5:19-cv-321-DCR, 2019 WL 6310722, at *2 (E.D. Ky. Nov. 25, 2019) (reaching a similar conclusion in another § 2241 case). For this reason, as well as the persuasive reasons put forth by the U.S. Attorney's Office in its response brief [*see* R. 8 at 6-10], Peterson has simply not shown that he is entitled to habeas relief.

Accordingly, it is **ORDERED** as follows:

1. Peterson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

Dated March 30, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY